**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 7:26-cv-257-DC-DTG |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| VICOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| November 20, 2026 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| January 15, 2027 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) is found; (2) an identification of any limitations Defendant contends are indefinite or lack written description under 35 U.S.C. § 112; and (3) for any contention under 35 U.S.C. § 101, an identification of (a) any claims Defendant contends are directed to an abstract idea, law of nature, or natural phenomenon, including identification of the alleged abstract idea, law of nature, or natural |

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| | phenomenon; (b) each claim element Defendant contends is well-understood, routine, or conventional; and (c) any nonduplicative prior art supporting the contention that such claim element is well-understood, routine, or conventional. Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| January 29, 2027 | Parties exchange claim terms for construction. |
| February 12, 2027 | Parties exchange proposed claim constructions. |
| February 19, 2027 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| February 26, 2027 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| March 5, 2027 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| March 26, 2027 | Plaintiff files Responsive claim construction brief. |
| April 9, 2027 | Defendant files Reply claim construction brief.<br><br>Parties to jointly email the law clerks (*see* Judge Gilliland's OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| April 23, 2027 | Plaintiff files a Sur-Reply claim construction brief. |
| April 27, 2027 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| April 27, 2027 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| May 20, 2027 | *Markman* Hearing at 2:00 PM before Judge Gilliland. |
| May 21, 2027 | Fact discovery on all issues shall commence. Before this date, discovery shall be limited to venue, jurisdictional, and claim-construction-related discovery.<br><br>Deadline to serve Initial Disclosures per Rule 26(a). |
| June 21, 2027 | All motions to add parties shall be filed on or before this date. |
| July 2, 2027 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| August 27, 2027 | All motions to amend the pleadings shall be filed on or before this date. |
| November 5, 2027 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| December 3, 2027 | Fact Discovery Deadline. Fact discovery must be completed by this date. Any fact discovery requests must be propounded so that the responses are due by this date. |
| December 9, 2027 | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further **ORDERED** to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
| December 10, 2027 | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| December 23, 2027 | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further **ORDERED** to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |

| | |
|---|---|
| January 14, 2028 | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
| February 4, 2028 | Expert Discovery Deadline. Expert discovery must be completed by this date. |
| February 11, 2028 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| February 18, 2028 | Any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, on or before this date. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.**<br><br>All dispositive motions shall be filed and served on all other parties on or before this date.<br><br>These motions shall be governed by the page limits and deadlines stated in Local Rule CV-7.<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. |
| March 3, 2028 | By this date the parties shall meet and confer to determine pre-trial deadlines, including, *inter alia*, exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |
| March 17, 2028 | By this date the parties shall exchange a proposed jury charge and questions for the jury. By this date the parties will also exchange draft Motions in Limine to determine which may be agreed. |
| March 24, 2028 | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. By this date the parties shall also submit to the Court their Motions in Limine. |

| | |
|---|---|
| March 31, 2028 | By this date the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and all other pertinent information. By this date the parties will also submit to the Court their oppositions to Motions in Limine. |
| May 12, 2028 | Final Pre-Trial Conference at 10:00 AM before Judge Counts.<br><br>The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. |
| June 5, 2028 | Jury Selection at 8:00 AM. Trial to follow. |

**SIGNED** this 17th day of November, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE